IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                                       **Case No. 3:15cr91**

**MICHAEL P. JOHNSON,**

   **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Michael P. Johnson's objection to the United States' Position as to Restitution. On July 8, 2015, Johnson pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). (ECF No. 12.) On November 12, 2015, after finding that the victim's losses would not be ascertainable ten days prior to sentencing, the Court granted the United States' Motion for Extension of Time After Sentencing to Determine Restitution. (ECF No. 28.) The Court further ordered that a restitution hearing date be set within 90 days of sentencing. On December 21, 2015, following the sentencing of Defendant Michael P. Johnson, neither party requested a restitution hearing. Instead, on the parties' request, the Court ordered the parties to submit briefing according to a briefing schedule. (ECF No. 40.) The United States filed its position on restitution, (ECF No. 48), Johnson responded, (ECF No. 49), and the United States replied, (ECF No. 53).[1] For the reasons that follow, by separate order, the Court will order Johnson to pay restitution in the amount of $85,800.

---

[1] Despite Johnson's objection regarding the sufficiency of the evidence submitted by the United States, (ECF No. 49), the United States did not file a reply by the March 4, 2016 deadline. On March 9, 2016, this Court ordered that the United States address why the December 18, 2015 letter from the victim's guardian *ad litem* establishes, by a preponderance of the evidence, the need for and the amount of restitution requested. (ECF No. 52.) The United States filed its reply on March 10, 2016.

The United States recommends restitution for future counseling services of the child victim[2] in this case as required by 18 U.S.C. § 2259(a)[3] and the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(a)(1).[4] Under 18 U.S.C. § 2259(b)(3), the "full amount of the victim's losses" includes any costs incurred by the victim for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3). In order for the Court to award restitution, the United States must prove the loss sustained by the victim by a preponderance of the evidence. *Id.* §§ 2259(b)(2), 3664(e). The point of contention here is whether the United States has satisfied this burden.

---

[2] 18 U.S.C. § 2259(c) defines "victim" as "the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2259(c).

[3] 18 U.S.C. § 2259(a) provides: "Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court *shall* order restitution for any offense under this chapter." 18 U.S.C. § 2259(a) (emphasis added).

[4] 18 U.S.C. § 3663A(a)(1) provides:

Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A(a)(1).

As support for its restitution recommendation, the United States references a December 18, 2015 letter received from the victim's Court-appointed guardian *ad litem*.[5] In the letter, the guardian *ad litem* informs the United States attorney that the victim will require therapy once a week for approximately ten years, which the guardian *ad litem* estimates—after consulting with therapists—will cost approximately $78,000.[6] The letter specifically identifies a therapist at the Gil Institute in Fairfax, Virginia, whom the guardian *ad litem* has spoken to about the victim's needs.[7] The therapist charges $150 per hour. At one visit, once a week, for one hour, the therapist's services would cost approximately $7,800 per year. Ten years of counseling would cost the victim approximately $78,000.

Johnson objects to the United States' submission of only the guardian *ad litem*'s letter, citing restitution cases that consider opinions from medical professionals directly, not through

---

[5] The United States did not attach this letter to its filing, but the letter was admitted into evidence at sentencing.

[6] The fact that the victim's losses are not entirely ascertainable at this point does not preclude a finding of restitution. *See United States v. Laney*, 189 F.3d 954, 966–67 (9th Cir. 1999) ("[The victim]'s counseling costs are 'ascertainable' and have, in fact, been ascertained, even though she and her parents have yet to spend the money. Section 3664 directs victims who 'discover' further losses to petition the court for an amended restitution order, and states that the court may grant such an order only if the victim shows good cause for failing previously to inform the court of the loss. [The victim] and her family will not 'discover' in the future that they need counseling; they already know that they do. Finally, if Congress intended crime victims who required long-term psychological or physical therapy to receive restitution only after they actually paid their therapists, it created a strangely unwieldy procedure in section 3664, which would require a victim to petition the court for an amended restitution order every 60 days for as long as the therapy lasted.").

[7] The letter also states that the guardian *ad litem* has spoken with other therapists who have concluded that the victim is experiencing severe trauma and loss. According to the guardian *ad litem*, these therapists have recommended that the victim enter therapy immediately.

3

another.[8] Johnson, however, points to no requirement that a therapist must personally interview a victim or that a therapist must convey his or her findings to a district court directly. To the contrary, the Fourth Circuit recently explained that a victim need not participate in any phase of the restitution process, so long as the government meets its burden. *See United States v. Aman*, 616 F. App'x 612, 614 (4th Cir. 2015) (citing 18 U.S.C. § 3664(g)(1)). Were the Court to adopt Johnson's position, a child molestation victim would be precluded from recovering restitution if he or she could not immediately be evaluated by a therapist. Importantly, to satisfy its burden by a preponderance of the evidence, the United States simply "must demonstrate the amount of such loss with evidence bearing sufficient indicia of reliability to support its probable accuracy." *United States v. Singletary*, 649 F.3d 1212, 1217 n.21 (11th Cir. 2011) (citation omitted); *see also United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007) (explaining that a victim's loss need only be calculated "with some reasonable certainty").

Through the guardian *ad litem*'s letter, the United States satisfies its burden here. Based upon the guardian *ad litem*'s discussions with various therapists,[9] the guardian *ad litem* has estimated that the victim's future treatment will cost approximately $78,000. In reaching this figure, the guardian *ad litem* has identified the specific therapist that the victim anticipates visiting, that therapist's hourly rate ($150 per hour), and the estimated duration of necessary

---

[8] Johnson does not object to the United States' position as to restitution with respect to the $7,800 the United States recommends Johnson must pay to the Virginia Criminal Injuries Compensation Fund, which funded the victim's mother to compensate, partially, for lost wages.

[9] Although the letter generally includes summaries of conversations with third parties, "[h]earsay evidence, if reliable . . . , may be used to determine the proper amount of restitution at sentencing." *United States v. Snyder*, No. Crim. CCB-07-0155, 2008 WL 5236027, at *1 (D. Md. Dec. 12, 2008) (citation omitted). The Court finds no reason, and Johnson does not contend, that the guardian *ad litem*'s letter constitutes unreliable evidence with respect to the Court's restitution determination.

treatment (once a week for ten years). The Court finds that this evidence bears "sufficient indicia of reliability to support its probable accuracy" with certitude. *Singletary*, 649 F.3d at 1217 (citation omitted).

Accordingly, by separate order, the Court will order Johnson to pay restitution in the amount of $85,800.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/16/16